IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

RONNIE CONLEY )
Register No. 512397, )
)
        Plaintiff, )
)
    v. ) No. 02-4083-CV-C-WAK
)
LINDA TAYLOR, et al., )
)
        Defendants. )

**ORDER**

On March 28, 2005, plaintiff filed a motion for a new trial. Defendants filed a response on April 12, 2005, and plaintiff filed a reply on April 27, 2005.

Federal Rule of Civil Procedure 59(a) states that "[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) if an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; . . . ." The authority to grant a new trial is within the discretion of the district court and, thus, a denial by the district court is reviewed only for abuse of discretion. *Gray v. Bicknell*, 86 F.3d 1472, 1480-81 (8th Cir. 1996). "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." *Gray,* 86 F.3d at 1480. *See also White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992) (the ultimate test as to whether a new trial should be granted is determined by whether the court finds there to have been a miscarriage of justice).

Plaintiff moves for a new trial on the basis that the court committed prejudicial error in answering Jury Question No. 2. Plaintiff argues that Jury Question No. 2 asked for irrelevant information as to whether there had been past complaints against defendant Very for denying protective custody requests and, therefore, the court committed prejudicial error when it failed to instruct the jury that such information was irrelevant and could not be considered. Plaintiff argues that the court's answer to Jury Question No. 2, which instructed

the jury that they were to base their decision on the evidence that was presented in the case, and that no evidence was presented that past complaints had been made against Mr. Very for denying protective custody requests, mislead the jury.  Plaintiff argues that the court's answer to the jury question likely lead to the jury concluding that defendant Very had never denied a protective custody request, and therefore, plaintiff must not have requested help from defendant Very while plaintiff was being sexually assaulted by inmate Jackson.  Plaintiff also argues that the jury rendered its verdict shortly after receiving the court's answer, thus indicating the prejudicial effect of the court's answer to Jury Question No. 2.

Upon consideration, the court finds there is no reason to believe that the court's answer to Jury Question No. 2 disrupted the jury's deliberation process or that it resulted in prejudice to plaintiff's cause.  The court did not direct the jury to consider irrelevant evidence; rather, the court merely made a factually correct statement that no evidence had been admitted that past complaints had been made against defendant Mr. Very for denying protective custody requests.  The court's response was neutral and factually accurate and, therefore, proper.  A neutral, factually accurate statement does not mislead a jury.  *See Coleman v. City of Omaha*, 714 F.2d 804, 807-08 (8th Cir. 1983) (when a jury question was submitted inquiring as to whether there was any communication with the Human Relations Department and, in fact, a Human Relations Department letter had not been submitted to the jury, the court's response that there was "no other evidence" was proper, as such response was factually correct and neutral).  The court further finds that even if the court were to find error in its answer to Jury Question No. 2, such error did not unfairly prejudice the verdict of the jury.

IT IS, THEREFORE, ORDERED that plaintiff's motion for a new trial is denied [103].

Dated this 16th day of May, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

2